*William Penn Clark,* for appellant.

*Slagle* and *Acheson,* for appellee.

———•◆•———

NICHOLS *v.* BURLINGTON AND LOUISA COUNTY PLANK ROAD CO.

The notice provided by the Code not a "process," and need not be in the style of "the State of Iowa."

When the notice informs defendant that the petition is to be filed "in the office of the clerk of the district court of Des Moines county," it sufficiently designates the court before which the proceeding is commenced.

Where a party subscribed to the stock of a plank road upon other conditions than those named in the articles of incorporation, and subsequently paid five per cent., which was accepted by the company: held that the transaction shows concurrence in those new conditions and creates mutuality.

Under the articles of incorporation, the Burlington and Louisa county plank road company was authorised to commence business and call for installment on stock as soon as five thousand dollars was subscribed.

A general notice to stockholders is sufficient notice to those who subscribed conditionally.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J. This suit was commenced by the Burlington and Louisa County Plank Road Company

against Josiah Nichols for installments due on a subscription of three shares to the stock of the company. The defendant answered that the stock was conditionally subscribed by him, and that the condition had not been performed. Upon this fact issue was joined, and the court found for the plaintiff.

1. It is objected that the court refused to dismiss the proceedings on the ground of defective notice. The first defect urged is that the notice does not run in the name of the state of Iowa, as required by the constitution. This court has decided in former cases that the notice provided by the Code is not a " process," as contemplated by the constitution, and that it need not be in " the style " of " the State of Iowa."

The second defect urged is that " the notice is too indefinite as to what court he is cited to attend." The notice informs defendant that the petition was to be filed " in the office of the clerk of the district court of Des Moines county." This we think was sufficiently descriptive of the court.

2. It is urged that the subscription was made upon other conditions than those named in the articles of incorporation, and that therefore the subscription was invalid for want of mutuality. But it appears that five per cent. was paid by Nichols and accepted by the company. This shows a sufficient concurrence in those new conditions to create mutuality.

3. It is claimed that as the capital stock of the company is fixed by the articles at $60,000, assessments could not be made, nor installments demanded, till the whole amount was subscribed. If there was any such restriction in the articles, either expressed or implied, the proposition would be correct; but on the contrary they clearly contemplate the commencement of business as soon as five thousand dollars in stock is subscribed .After the $5,000 was subscribed they had a right to call for installments in the manner pointed out by the articles of incorporation.

4. It is assumed that as the subscription was accompanied

with a special condition that the amount subscribed should be expended upon a particular portion of the work, that a general notice to stockholders, such as the articles required, would not be sufficient in Nichols' case, unless it stated that the money was wanted for the specific object stated in his conditions.

This conditional subscription did not require any change in the articles of incorporation in giving notice of installments required. It merely required the amount to be expended in a particular way, and hence the usual notice is all that could be required.

The evidence in the case shows that the amount expended by the company in the manner required by the conditional subscription greatly exceeded the amount paid by conditional subscribers. This showed that the company were complying with those conditions, and were entitled to the installments due on the stock subscribed. It was not necessary that the company should set apart the specific funds from the conditional stock for the performance of the conditions. It was only necessary for them to expend the amount in the way required, and not necessary to expend the identical money received on conditional stock in that way. Surely the defendant has no right to object that the company first advanced their own money for the improvement he required, before calling upon him to pay for the stock he had subscribed for that object. Upon this and all other points in the case we think the court below ruled correctly.

Judgment affirmed.

*M. D. Browning*, for appellant.

*J. C. Hall* and *T. D. Crocker*, for appellee.